**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GWENDOLYN DAMIANO,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:13-2635** |
| **v.** | : | **(JUDGE MANNION)** |
| **SCRANTON SCHOOL DISTRICT*, et al.,*** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

**M E M O R A N D U M**

Pending before the court is a motion by defendants Scranton School District, Robert Sheridan, Robert Lesh, Lyn Ruane, Nathan Barrett, Armand Martinelli and Said Douaihy, ("District defendants"), to strike, in part, the affidavit of the plaintiff which she has submitted in opposition to the District defendants' motion for summary judgment. (Doc. 122). Based upon a review the motion and related materials, the District defendants' motion will be granted in part and denied in part.

By way of relevant background, on October 27, 2015, the District defendants submitted a motion for summary judgment, (Doc. 94), statement of material facts, (Doc. 95), brief in support, (Doc. 96), and supporting exhibits, (Doc. 97). All deadlines were stayed in the case pending an attempt by the parties at mediation. (Doc. 99). With the mediation proving unsuccessful, the parties were given renewed case management deadlines.

(Doc. 107). On March 11, 2016, the plaintiff filed an answer to the District defendants' statement of material facts, (Doc. 116), and a brief in opposition to the District defendants' motion for summary judgment, (Doc. 117). The District defendants' filed a reply brief in support of their motion for summary judgment on March 24, 2016. (Doc. 120).[1]

The plaintiff has submitted her own affidavit in support of her answer to the District defendants' statement of material facts. (Doc. 116, Ex. 2). On March 24, 2016, the District defendants filed a motion to strike, in part, the plaintiff's affidavit, (Doc. 122), along with a brief in support thereof, (Doc. 123). The plaintiff filed a brief in opposition to the motion to strike on April 6, 2016. (Doc. 126). On April 18, 2016, the District defendants filed a reply brief. (Doc. 127).

The District defendants present three arguments in support of their motion to strike. They initially argue that paragraphs 5 and 19 of the plaintiff's affidavit contain statements that are inconsistent with her sworn deposition testimony and should be stricken under the "sham affidavit doctrine". Specifically, the District defendants argue that, in paragraph 5, the plaintiff states that "the Scranton School Board" placed her "at John Adams Elementary School", (Doc. 116, Ex. 2), but that she had previously testified

---

[1]Defendant Boland has also filed a motion for summary judgment, which has been fully briefed, but is not relevant for purposes of the present motion.

during her deposition that former acting Superintendent "John Marichak assigned [her] to serve as Principal of the John Adams Elementary School." (Doc. 95, ¶3).

With respect to paragraph 19 of her affidavit, the defendants argue that the plaintiff states that the District cancelled her "health insurance without any notice." (Doc. 116, Ex. 2). In her deposition, however, the District defendants argue that the plaintiff acknowledged that she was informed that the District would continue to provide her group health benefits at no cost through the end of the year, i.e., December 31, 2013. (Doc. 97). In addition, the defendants argue that, on November 26, 2013, the defendant Scranton School District issued the plaintiff a COBRA notice advising her of her option to continue her group health coverage under the Scranton School District's plan. (Id.).

In response to the District defendants' motion to strike the above paragraphs of her affidavit, the plaintiff argues with respect to paragraph 5 that she has consistently stated that former acting Superintendent Marichak "delivered the message" to her that she was reassigned to John Adams Elementary School, and has also consistently asserted that it was the Scranton School Board that made the underlying decision to reassign her. As to paragraph 19, the plaintiff argues that she was simply clarifying that she never received any formal notice of termination of benefits through the mail

3

despite the District defendants' insistence that they had sent the notice. Because neither paragraph 5, nor paragraph 19, contradict her prior deposition testimony, but only serve to clarify that testimony, the plaintiff argues that they should not be stricken pursuant to the sham affidavit doctrine.

> "A sham affidavit is a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment. A sham affidavit cannot raise a genuine issue of fact because it is merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on it to find for the nonmovant. See Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986). Liberty Lobby specifically recognizes the trial judge's power to grant summary judgment on disputed records. (Id. at 251). Therefore, if it is clear that an affidavit is offered solely for the purpose of defeating summary judgment, it is proper for the trial judge to conclude that no reasonable jury could accord that affidavit evidentiary weight and that summary judgment is appropriate."

It's Intoxicating, Inc. v. Maritim Hotelgesellschft mbH, 2015 WL 1275348, at *2 (M.D. Pa. Mar. 19, 2015) (quoting Jiminez v. All-American Rathskeller, Inc. 503 F.3d 237, 253 (3d Cir. 2007)).

While the sham affidavit doctrine allows the court to disregard an "affidavit that is submitted in opposition to a motion for summary judgment when the affidavit contradicts the affiant's prior deposition testimony", Baer v. Chase, 392 F.3d 609, 624 (3d Cir. 2004), "not all contradictory affidavits are necessarily shams[,]" Jiminez, 503 F.3d at 254 (citing Baer, 392 F.3d at 625),

and "an affiant has the opportunity to offer a 'satisfactory explanation' for the conflict between the prior deposition and the affidavit." Id. (citing Hackman v. Valley Fair, 932 F.2d 239, 241 (3d Cir. 1991)). Moreover, disregarding statements in an affidavit is appropriate only on "clear and extreme facts", such as when the affidavit is "flatly contradictory" to the prior testimony. Coleman v. Cerski, 2007 WL 2908266, at *5 (M.D.Pa. Oct. 4, 2007) (citing Videon Chevrolet, Inc. v. Gen. Motors Corp., 992 F.2d 482, 488 (3d Cir.1993)). "The timing of the affidavit, whether there is a plausible explanation for the contradictory statements, and whether there is independent evidence in the record supporting the affidavit, may be considered when determining whether an affidavit is a sham." J.R. v. Lehigh Cnty., 534 Fed. App'x 104, 108 (3d Cir. 2013) (citing EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 268-69 (3d Cir. 2010)).

Upon review of the plaintiff's deposition testimony, while the plaintiff did at one point testify that it was John Marichak who "assigned" her to John Adams Elementary School, (Doc. 97, Ex. A, p. 117), she also testified that, at a meeting between her and Mr. Marichak, he had told her that "he would take everything under consideration and he would speak to the board, because the board will have their own ideas and they're going to do what they want to do regardless of what [Mr. Marichak] says, . . ." (Id., at p. 118). She later testified again that, while Mr. Marichak "delivered the message" that she was to be

assigned to John Adams Elementary School, he informed her that it was the Board who would ultimately decide where she would be assigned. (Doc. 97, Ex. A, pp. 129-30). Thus, the court does not find the plaintiff's statement at paragraph 5 should be stricken pursuant to the sham affidavit doctrine. It is clear from the plaintiff's deposition testimony that she was under the impression that it would be the Board who would make the final decision as to which school she was assigned and that it was Mr. Marichak who actually informed her of that decision. Paragraph 5 of the plaintiff's affidavit will not be stricken.

As to paragraph 19, wherein the plaintiff states that after her termination, the District cancelled her health insurance without any notice despite the requirements of COBRA, the plaintiff has clarified that, although she testified that she was told when she was terminated at the School Board meeting that she would keep her benefits until December 13, 2013, her affidavit was meant to reflect that she did not receive formal written termination of her benefits through the mail despite the defendants' insistence otherwise. The court does not find that the plaintiff offered the statement in her affidavit solely for the purpose of defeating the defendants' motion for summary judgment and paragraph 19 will not be stricken. In considering the District defendants' motion, however, the court will afford the statement the meaning offered by the plaintiff herein.

6

Next, the District defendants argue that the averments contained in paragraphs 12, 14, 15 and 18 of the plaintiff's affidavit contain inadmissible hearsay from third party declarants, which may not be considered as part of the court's summary judgment analysis. Since the averments made in these paragraphs are not made on the plaintiff's personal knowledge, the District defendants argue that they are inadmissible and must not be considered in relation to the summary judgment motion.

The plaintiff responds that the defendants have misstated the law in that it has been held that the court may consider evidence that is not admissible in the submitted form, if the party offering the evidence could satisfy the applicable admissibility requirements at trial. In this case, the plaintiff argues that all of the statements included in the foregoing paragraphs could later be presented during trial through direct testimony and that each declarant is available to provide testimony at trial. Therefore, the plaintiff requests that the court not strike paragraphs 12, 14, 15 and 18 of the affidavit.

As to this argument, it is well established that "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J. 1995). This rule applies with particular force to parties who attempt to rely upon hearsay statements to establish material issues of fact which would preclude summary judgment. As to such claims, "[i]n this circuit,

hearsay statements can be considered on a motion for summary judgment [only] if they are capable of admission at trial." Shelton v. University of Medicine & Dentistry of N.J., 223 F.3d 220, 223, n.2 (3d Cir. 2000) (citing Stelwagon Mfg. v. Tarmac Roofing Sys., Inc., 63 F.3d 1267, 1275, n.17 (3d Cir. 1995)). Thus, hearsay in an affidavit made by someone other than the affiant can be considered on summary judgment, if it appears that the declarant would be available at trial to provide direct testimony on the matter. See, e.g., McCann v. Astrue, 293 Fed. App'x 848, 851 (3d Cir. 2008) (considering testimony on summary judgment from a non-party who testified as to what a third party told him); Shelton v. Univ. of Med. & Dentistry of New Jersey, 223 F.3d 220, 223 n.2 (3d Cir. 2000) ("In this circuit, hearsay statements can be considered on a motion for summary judgment if they are capable of admission at trial."); J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990) ("hearsay evidence produced in an affidavit opposing summary judgment may be considered if the out-of-court declarant could later present the evidence through direct testimony, i.e., in a form that would be admissible at trial.") (internal quotations omitted).

In this case, the statements contained in the contested paragraphs of the plaintiff's affidavit are not only hearsay, but hearsay within hearsay. If the plaintiff could establish that each part of the statements conformed with an exception to the hearsay rule, the statements may not be excluded by the rule

8

against hearsay. See Fed.R.Evid. 804. However, the plaintiff has simply indicated that she will provide admissible testimony at trial. The plaintiff has not cited to any authority that a simple assertion that she will provide witnesses at trial defeats the defendants' hearsay objection. In fact, "a party must respond to a hearsay objection by demonstrating that the material would be admissible at trial under an exception to hearsay rule, or that the material is not hearsay." See e.g., Bouriez v. Carnegie Mellon Univ., 2005 WL 2106582 *9 (W.D.Pa. Aug. 26, 2005) (citing Burgess v. Allstate Ins. Co., 334 F.Supp.2d 1351 (N.D.Ga. 2003)). It is not the burden of the court, but the plaintiff, to identify which hearsay exceptions apply to each of the combined statements provided by the plaintiff in her affidavit. The plaintiff has not identified any exceptions applicable to the statements identified in paragraphs 12, 14, 15 and 18 and, therefore, those statements will be stricken and not considered in relation to the pending motion for summary judgment.

Finally, the District defendants argue that the averments contained in paragraphs 9, 17 and 18[2] of the plaintiff's affidavit constitute improper opinions which may not be considered as part of the court's summary judgment analysis. Specifically, the District defendants cite to the language in these paragraphs in which the plaintiff expresses her opinion and belief that

_____

[2]As the court has already determined that paragraph 18 will be stricken, the court will address only paragraphs 9 and 17 for purposes of this argument.

she was assigned to John Adams Elementary School as retaliation. The court agrees that the plaintiff's opinion or belief with respect to whether she was assigned to John Adams Elementary School as retaliation is improper. Upon review, while paragraph 9 of the plaintiff's affidavit contains her opinion or belief, it also contains a number of factual averments. As such, the court will strike from paragraph 9 only the improper opinion or belief averment. Otherwise, the factual content of paragraph 9 will remain. Paragraph 17 of the plaintiff's affidavit will be stricken in its entirety.

On the basis of the foregoing, an appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**DATED:    June 13, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2635-02.wpd

10